

FILED

MAY - 2 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                              DEPUTY CLERK

AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District EASTERN DISTRICT OF CALI. |
|---|---|
| Name BOBBY STANFIELD | Prisoner No. AE1510 | Case No. |
| Place of Confinement T.C.C.F. E3-210 415 US. HWY. 49 NORTH TUTWILER, MS. 38963 | 2:13 - CV - 865 |

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| BOBBY STANFIELD | v. FIGUEROA |

The Attorney General of the State of:

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  SOLANO CO. SUPERIOR COURT, 321 TUOLUMNE ST, VALLEJO, CA. 94590

2. Date of judgment of conviction  AUG. 14, 2008

3. Length of sentence  12 YEARS

4. Nature of offense involved (all counts)  POSSESSION OF BASE COCAINE FOR SALE - 11351.5 H.S., 2-COUNTS OF 11370.2 ENHANCEMENTS, 2-COUNTS OF 667.5 (b) ENHANCEMENTS.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☐
   (c) Nolo contendere ☑
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☑

7. Did you testify at the trial?
   Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☑  No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court   *COURT OF APPEAL*

(b) Result   *DENIED*

(c) Date of result and citation, if known   *NOV. 08, 2012*

(d) Grounds raised   *INEFFECTIVE ASSISTANCE OF COUNSEL, PROSECUTORIAL*

*MISCONDUCT, ILLEGAL SENTENCE, ILLEGAL ENHANCEMENTS, DUE PROCESS.*
(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court   *SUPREME COURT*

(2) Result   *DENIED*

(3) Date of result and citation, if known   *JAN. 30, 2013*

(4) Grounds raised   *INEFFECTIVE ASSISTANCE OF COUNSEL, PROSECUTORIAL*

*MISCONDUCT, ILLEGAL SENTENCE, ILLEGAL ENHANCEMENTS, DUE PROCESS*

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☑ No ☐

11. If your answer to 10 was "yes," give the following information:
(a) (1) Name of court   *SOLANO CO. SUPERIOR COURT*

(2) Nature of proceeding   *HABEAS CORPUS*

(3) Grounds raised   *INEFFECTIVE COUNSEL, ILLEGAL SENTENCE, ILLEGAL*

*ENHANCEMENT, PROSECUTORIAL MISCONDUCT, DUE PROCESS*

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result    *DENIED*

(6) Date of result    *MAY 12, 2012*

(b) As to any second petition, application or motion give the same information:

(1) Name of court    *SOLANO CO. SUPERIOR COURT*

(2) Nature of proceeding    *HABEAS CORPUS*

_____

(3) Grounds raised    *INEFFECTIVE COUNSEL, PROSECUTORIAL*

*MISCONDUCT, ILLEGAL #SENTENCE, ILLEGAL*

*ENHANCEMENT, DUE PROCESS, FAILURE TO DISCLOSE*

*ALL INFORMATION TO APPELLATE ATTORNEY.*

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒
(5) Result    *DENIED*

(6) Date of result    *OCT. 4, 2012*

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.        Yes ☒ No ☐
(2) Second petition,          Yes ☒ No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(1) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: *SEE ATTACHED SHEETS*

Supporting FACTS (state *briefly* without citing cases or law)

B. Ground two: *SEE ATTACHED SHEETS*

Supporting FACTS (state *briefly* without citing cases or law):

AO 241 (Rev. 5/85)

C. Ground three: _SEE ATTACHED SHEETS_

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four: _SEE ATTACHED SHEETS_

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _PROSECUTION DIDN'T_

_GIVE APPELATE ATTORNEY A COMPLETE FILE. THEREFORE_

_PETITIONERS FIRST APPEAL WASN'T FULLY REPRESENTED TO THE_

_BEST ABILITY COUNSEL. THIS WAS MENTIONED IN APPEAL, BUT NOT ADDRESSED_
_(EXHIBIT – G)._

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing _PUBLIC DEFENDER, KENNETH LEE_

_321 TUOLUMNE ST. VALLEJO CA. 94590_

(b) At arraignment and plea _KENNETH LEE, 321 TUOLUMNE ST._

_VALLEJO, CA 94590_

ATTACHED  SHEETS

1    A.) CONVICTION OBTAINED BY PLEA OF GUILTY WHICH WAS
2    UNLAWFULLY INDUCED OR NOT MADE VOLUNTARILY WITH UNDERSTANDING
3    OF THE NATURE OF THE CHARGE AND CONSEQUENCES OF THE PLEA.
4        THE PROSECUTION PUSHED FOR A CONVICTION OF 11351.5
5    H.S., POSSESSION OF COCAINE BASE FOR SALE. KNOWING ALL
6    EVIDENCE POINT TO 11351 H.S., POSSESSION OF COCAINE FOR
7    SALE. THE POLICE REPORT AND LAB EXAMINATION BOTH CONCUR THE
8    COCAINE IN PETITIONERS POSSESSION WAS INDEED POWDER COCAINE,
9    (EXHIBIT-A POLICE REPORT, EXHIBIT-B. LAB EXAMINATION).
10       PETITIONER DIDN'T UNDERSTAND THE NATURE OR
11   CONSEQUENCE OF PLEA, BECAUSE HE WAS TOLD, 11351.5 H.S. AND
12   11351 H.S. CARRIED THE SAME AMOUNT OF TIME (EXHIBIT-E C.T.
13   AUG 14,08 Pg. 3 13-28, Pg. 4 1-4), THE SENTENCING GUIDELINES
14   FOR 11351.5 H.S. IS, 3,4, AND 5 YEARS. SENTENCING GUIDELINES
15   FOR 11351 H.S. IS 2, 3, AND 4 YEARS.
16       B.) CONVICTION OBTAINED BY THE UNCONSTITUTIONAL FAILURE
17   OF THE PROSECUTION TO DISCLOSE TO THE DEFENDANT EVIDENCE
18   FAVORABLE TO DEFENDANT.
19       D.A. GANZ WENT ON WHAT MR. MULLIN WROTE IN A
20   E·MAIL (EXHIBIT-U E·MAIL ), INSTEAD OF SEEKING A CONVICTION
21   UNDER THE EVIDENCE. HE INTRODUCED FRAUDULENT CHARGES AND
22   PUSHED FOR THE CONVICTION OF 11351.5 H.S., KNOWING THE POLICE
23   REPORT AND LAB EXAM STATED, COCAINE HYDROCHLORIDE " POWDER
24   COCAINE".
25       THE E·MAILS SHOWS THE PROSECUTION HAD SUCH
26   MALICE INTENT, EVEN TO THE POINT OF MANIPULATING THE
27   COURT WITH FRAUDULENT CHARGES. IF THE CHARGES WOULD
28   HAVE REFLECTED THE EVIDENCE. PETITIONER WOULD HAVE

1   OBTAIN LESSER TIME ACCORDING TO THE LETTER OF THE LAW.

2       C.) DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL.

3         P.D. LEE INEFFECTIVELY DEFENDED HIS CLIENT BY

4   PERFORMING COLLUSION AND COERCION WITH D.A. GANZ (EXHIBIT-D)

5   E·MAILS), THEN MANIPULATED THE COURT INTO THE BELIEF OF

6   FRAUDULENT CHARGES. EVEN THOUGH, HE KNEW THE EVIDENCE

7   WAS CONTRARY TO THE CHARGES.

8         AUG. 14, 08, THE COURTS TRIED TO CORRECT MR. LEE

9   ON THE CHARGES, BUT COUNSEL WAS PERSISTANT THAT ALL

10  CHARGES 11351.5 H.S. AND 11351. H.S. CARRIED THE SAME

11  AMOUNT OF TIME (EXHIBIT-E. C.T. AUG.14,08, Pg. 3   13-28

12  Pg. 4  1-4).

13        ALSO BY MANIPULATING PETITIONER INTO SIGNING

14  A FRAUDULENT PLEA (EXHIBIT-C PLEA AGREEMENT), WITH

15  MISGUIDED INFORMATION. KNOWING THE EVIDENCE DIDN'T

16  FIT THE CHARGES 11351.5 H.S.. 11351.5 H.S., POSSESSION OF

17  BASE COCAINE FOR SALE CARRIES A SENTENCING TERM OF

18  3, 4, AND 5 YEARS. 11351 H.S. POSSESSION OF COCAINE FOR

19  SALE CARRIES SENTENCING TERMS OF  2, 3, AND 4 YEARS.

20  CLEARLY A DIFFERENCE IN SENTENCING GUIDELINES.

21        D.) CONVICTION BASED ON EVIDENCE KNOWN TO BE

22  FALSE — DUE PROCESS.

23        THE COURTS VIOLATED MY DUE PROCESS RIGHTS.

24  BY ALLOWING A CONVICTION OF 11351.5 H.S.. KNOWING THE

25  EVIDENCE CONFIRMED 11351 H.S. OR 11350 H.S.. EVIDENCE

26  SUPPORTS COCAINE HYDROCHLORIDE, WHICH IS POWDER COCAINE.

27  EVEN IN THE COURTS TRANSCRIPTS, JUDGE NOTED THE

28  ERROR (EXHIBIT-E C.T. AUG 14, 08, Pg 3  13-28  Pg. 4  1-4),

1  BUT STILL ALLOW THE CONVICTION TO HOLD.

2  BY THE COURT ALLOWANCE OF THE WRONG CHARGES

3  TO EXIST. IN TURN, IT MAKE THE ENHANCEMENT ILLEGAL

4  AS WELL. ENHANCEMENTS CANNOT DOUBLE THE BASE TERM.

5  E.) PROSECUTION FAIL TO DISCLOSE ALL INFORMATION

6  TO APPELLATE ATTORNEY.

7  AFTER PETITIONER APPEAL WAS DENIED IN

8  SUPREME COURT JAN.18, 2011 (EXHIBIT-G FIRST APPEAL).

9  MR. KANE SENT PETITIONER THE CASE FILE. PETITIONER

10  NOTICED SECTIONS WERE MISSING FROM FILE. PETITIONER

11  WROTE SOLANO CO. PUBLIC DEFENDERS OFFICE REQUESTING

12  MISSING DOCUMENTS. AFTER SEVERAL ATTEMPTS, THE

13  P.D. OFFICE SENT MISSING DOCUMENTS. PETITIONER

14  FORWARD THEM TO MR. KANE, HE WROTE A DECLARATION

15  STATING, HE'S NEVER SEEN THOSE DOCUMENTS (EXHIBIT-F

16  DECLARATION, LETTER FROM PUBLIC DEFENDERS OFFICE,

17  AND MISSING DOCUMENTS.).

18  ONCE PETITIONER GATHERED ALL INFORMATION.

19  PETITIONER WROTE SECOND HABEAS CORPUS WITH NEWLY

20  FOUND EVIDENCE, DOCUMENTS, AND DECLARATION, THAT WAS

21  THE OCT. 4. 12 HABEAS CORPUS.

22  PETITIONERS FIRST APPEAL DIDN'T REFLECT

23  THIS DOCUMENTS, BECAUSE INFORMATION WASN'T PAST

24  ALONG TO APPELLATE ATTORNEY. THIS NEWLY FOUND

25  EVIDENCE COULD HAVE BEEN A TURNING POINT IN

26  PETITIONERS CASE.

27

28

AO 241 (Rev. 5/85)

(c) At trial _____

_____

(d) At sentencing  *KENNETH LEE, 321 TUOLUMNE ST.*

*VALLEJO, CA. 94590*

(e) On appeal  *ROBERT KANE, 670 MARKET ST. SUITE 1128*

*SAN FRANCISCO, CA. 94102*

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the
same time?
Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☑
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be
served in the future?
Yes ☐ No ☑

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed

_4 . 23 . 13_
(date)

_____
Signature of Petitioner

ENDORSED FILED
Clerk of the Superior Court

MAY - 2 2012

J. GALES
By_____
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SOLANO

DEPARTMENT TWENTY-FIVE

| | |
|---|---|
| In the Matter of the Application of: | Case No. FCR291599 |
| BOBBY STANFIELD, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| For a Writ of Habeas Corpus. | |

The Court has read and considered the petition for a writ of habeas corpus, filed in the above-entitled matter on March 12, 2012, by Bobby Stanfield (Petitioner).

Petitioner challenges the validity of his August 14, 2008 no contest plea to possession of cocaine base for sale (Health and Safety Code (HS) § 11352(a)), to having two prior HS § 11370.2(a) convictions, and to having two prior prison terms (Penal Code § 667.5(b)). He argues that: the court misspoke at a July 15, 2008 hearing when it said that he was being charged with violating HS § 11351; the court mistakenly stated that he was being sentenced on two counts of "§ 1170.3" instead of HS § 11370.2(a) at his sentencing hearing; his conviction for HS § 11351.5 is unlawful because he never had cocaine base, he had powder cocaine; the higher punishment for possession of cocaine base as opposed to powder cocaine violates the Equal Protection and Due Process Clauses; and the prosecutor committed misconduct by

1
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

coercing him into taking the plea, changing the charges from HS § 11352(a) to HS § 11351.5, and charging him with HS § 11351.5 without adequate proof that the substance was cocaine base and not powder.

Petitioner also contends that his attorney performed deficiently (IAC) by: allowing the D.A. to talk to him without being present and helping the D.A. coerce him into taking the plea deal; allowing the charges to be changed from HS § 11351 to § 11351.5 without conducting a chemical analysis of the substance; and misinforming him that the punishments for HS § 11351 and § 11351.5 were the same.

The court sentenced Petitioner to twelve years in prison on August 29, 2008, over three and a half years ago. Three and a half years is objectively a substantial amount of delay. (*In re Stankewitz* (1985) 40 Cal.3d 391, 396, fn. 1; *In re Saunders* (1970) 2 Cal.3d 1033, 1041.) Petitioner fails to set forth a reasonable justification for the delay. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) As such, Petitioner's claims are denied for being untimely. (*In re Clark* (1993) 5 Cal.4th 750, 765.)

Even if these claims were considered timely, after a criminal defendant has entered a plea, he may only attack the voluntary and intelligent character of the plea. (*Tollett v. Henderson* (1973) 411 U.S. 258, 267.) The only claims raised in this petition that concern the voluntary and intelligent character of Petitioner's plea are Petitioner's claims that the prosecutor committed misconduct by coercing him into taking the plea, and that counsel performed deficiently by allowing the D.A. to talk to him without being present and by helping the D.A. coerce him into taking the plea deal.

Petitioner fails to state a prima facie case for relief as to his claim that the prosecutor coerced him into entering the plea. (*Duvall, supra,* 9 Cal.4th at p. 475.) Petitioner sets forth no facts or evidence to show that the prosecutor did anything

1  coercive. (*Id.* at p. 474.) Petitioner's underlying criminal file (VCR198800) includes a

2  plea form that indicates that Petitioner voluntarily and intelligently entered his plea.

3  Finally, Petitioner fails to state a prima facie case as to his claim that counsel

4
5  performed deficiently by allowing the D.A. to talk to him without being present and by

6  helping the D.A. coerce him into taking the plea deal. (*Duvall*, *supra*, 9 Cal.4th at p.

7  475.) Petitioner sets forth no facts or evidence to support that counsel performed in an

8  objectively deficient manner. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.)

9  Even if Petitioner had shown that counsel performed deficiently, Petitioner has not

10  shown prejudice. (*Id.* at p. 693; *Hill v. Lockhart* (1985) 474 U.S. 52, 59.)

11  **IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus is

12  denied.

13  Dated:   5/1/12

14                                                    JUDGE OF THE SUPERIOR COURT

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

3
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS



ENDORSED FILED
Clerk of the Superior Court

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SOLANO
Case No. FCR 291599

MAY – 2 2012

By_____ J. GALES
DEPUTY CLERK

## CERTIFICATE OF MAILING

I, the undersigned, certify under penalty of perjury that I am a deputy clerk of the above-entitled Court and not a party to the within action; that I am familiar with the County of Solano's procedure for collection and processing of correspondence for mailing with the United States Postal Service.  This document will be deposited with the United States Postal Service on the same day as the execution of this document in the ordinary course of business.  This document was sealed and placed for collection and mailing on the same day as the execution of this document at the address given for deposit in the United States Postal Service and following ordinary business practices.  Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

Document mailed:

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

BOBBY STANFIELD, AE-1510
T.C.C.F., E3-202
415 U.S. HWY 49 NORTH
TUTWILER, MS 38963

SUPERINTENDENT
T.C.C.F.
415 U.S. HWY 49 NORTH
TUTWILER, MS 38963

Dated:  May 2, 2012

By: _____
J. GALES
Deputy Clerk

ENDORSED FILED
Clerk of the Superior Court

OCT - 4 2012

J. GALES

By_____
DEPUTY CLERK

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SOLANO**

**DEPARTMENT TWENTY-TWO**

**\* \* \* \* \***

In Re the Application of:               )          CASE NO. FCR295551
                                        )
BOBBY STANFIELD, AE-1510                )          **ORDER DENYING PETITION**
                                        )          **FOR WRIT OF HABEAS**
                Petitioner              )          **CORPUS**
                                        )
For Writ of Habeas Corpus               )
_____)

Upon the filing and reading of the Petitioner's application for Writ of Habeas Corpus with the above-entitled Court and upon consideration of the same, the Court finds as follows:

On August 14, 2012, Petitioner Bobby Stanfield filed this petition for writ of habeas corpus. On August 14, 2008, Petitioner plead no contest to possession of cocaine base for sale (Health and Safety Code (HS) § 11351.5), to having two prior HS § 11370.2(a) convictions, and to having two prior prison terms (Penal Code (PC) § 667.5(b)). On August 29, 2008, the court sentenced Petitioner to twelve years in prison.

1

Execution of the sentence was suspended and Petition was placed on three years of formal probation partially conditioned on his completion of the Delancey Street program. On March 26, 2010, Petitioner admitted to violating probation as he failed to complete the Delancey Street program. On June 24, 2010, the court revoked probation and imposed the sentence.

In this petition, Petitioner claims that his sentence is illegal because he had cocaine powder, not cocaine base, in his possession. He alleges that he did not plea to selling drugs, and there was no evidence that he was selling drugs. He challenges the legality of his HS § 11370.2 sentencing enhancements, alleging that they violate PC §§ 654 and 1170.01. Moreover, he complains that he received ineffective assistance of counsel (IAC) because: his attorney failed to investigate and discover that he had cocaine powder and not cocaine base; counsel wrongly told the trial court that possession of cocaine base and cocaine powder carry the same sentences; and his attorney colluded with the D.A. to get him to plea to possession of cocaine base, even though evidence showed that he had cocaine powder. Finally, he alleges that the prosecutor committed misconduct by charging and coercing him to plea to possession of cocaine base.

Petitioner claims that his sentence is illegal because he had cocaine powder, not cocaine base, that the prosecutor committed misconduct by charging and coercing him to plea to possession of cocaine base despite evidence that he had cocaine powder, and that his attorney committed IAC were raised in a prior habeas petition that Petitioner filed on March 13, 2012, case no. FCR291599. Petitioner offers no new facts or law to justify rehearing these claims. He fails to acknowledge that he previously filed a habeas petition

2

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

raising these claims and he still fails to justify his delay in filing a habeas petition. (*In re Clark* (1993) 5 Cal.4th 750, 765.) Repetitious and successive presentations of habeas claims constitute an abuse of the writ. (*Id.* at pp. 767 – 70; *In re Reno* (2012) 55 Cal.4th 428, 453.)

Petitioner also raises new claims in this petition: he claims that he did not plea to selling drugs, there was no evidence that he was selling drugs, and that his sentencing enhancements are unlawful and they violate PC §§ 654 and 1170.01. However, Petitioner knew or should have known about these claims when he filed his earlier petition and he fails to set out any justification for not raising all of his allegations in his earlier petition. (*Clark, supra,* 5 Cal.4th at pp. 767 – 70; *Reno, supra,* 55 Cal.4th at p. 453.) Successive, delayed and piecemeal presentations of habeas claims constitute an abuse of the writ. (*Clark, supra*, 5 Cal.4th at pp. 767 – 70; *Reno, supra*, 55 Cal.4th at p. 453.)

This Petition for writ of habeas corpus is DENIED.

Dated: 10.3 , 2012

**ALESIA JONES**
**Judge of the Superior Court**

3

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ENDORSED FILED
Clerk of the Superior Court

OCT − 4 2012

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SOLANO**
**Case No. FCR 295551**

J. GALES
By_____
DEPUTY CLERK

## CERTIFICATE OF MAILING

I, the undersigned, certify under penalty of perjury that I am a deputy clerk of the above-entitled Court and not a party to the within action; that I am familiar with the County of Solano's procedure for collection and processing of correspondence for mailing with the United States Postal Service. This document will be deposited with the United States Postal Service on the same day as the execution of this document in the ordinary course of business. This document was sealed and placed for collection and mailing on the same day as the execution of this document at the address given for deposit in the United States Postal Service and following ordinary business practices. Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

Document mailed:

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

BOBBY STANFIELD, AE-1510
T.C.C.F., E3-210
415 US HWY 49 NORTH
TUTWILER, MS 38963

SUPERINTENDENT
T.C.C.F.
415 US HWY 49 NORTH
TUTMILER, MS 38963

Dated:   October 4, 2012

By: _____
    J. GALES, Deputy Clerk

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

In re BOBBY STANFIELD on Habeas Corpus.

A136959
Solano County Nos. VCR198800, FCR291599 and
FCR295551

## BY THE COURT:*

The petition for writ of habeas corpus is denied. (*People v. Padfield* (1982) 136
Cal.App.3d 218, 227 [as to claims dependent on arguments concerning the sufficiency of
the evidence, including claims entitled "illegal sentence" and "prosecutorial
misconduct"]; *People v. Duvall* (1995) 9 Cal.4th 464, 474 [as to claim entitled "illegal
usage of enhancements"]; *People v. Hester* (2000) 22 Cal.4th 290, 295 [as to claim
entitled "illegal usage of enhancements"]; *In re Clark* (1993) 5 Cal.4th 750, 782-799
[claims of ineffective assistance of counsel and prosecutorial misconduct]; *In re Swain*
(1949) 34 Cal.2d 300, 303-304 [claims of ineffective assistance of counsel and
prosecutorial misconduct].)

Date_____NOV 0 8 2012_____          JONES, P.J.____ P.J.

* Before Jones, P.J., Simons, J. and Needham, J.

**S206873**

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re BOBBY STANFIELD on Habeas Corpus.

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

JAN 3 0 2013

Frank A. McGuire Clerk

_____
Deputy

CANTIL-SAKAUYE
_____
*Chief Justice*

# EXHIBIT COVER PAGE $\boxed{A}$

**EXHIBT**

Description of this Exhibit:

Case No.
People v.

Number of pages to this Exhibit _____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

| COPIES TO: | | |
|---|---|---|
| ☐ DA | | |
| ☐ PROB | | |
| ☐ DOJ | | |
| ☐ INV | | |
| ☐ PAT | | |
| ☐ RISK MANAGEMENT | | |
| ☐ COUNTY COUNSEL | | |
| ☐ OTHER | | |

**SOLANO COUNTY SHERIFF'S DEPARTMENT**
530 UNION AVENUE, SUITE 100
FAIRFIELD, CA 94533

**ARREST REPORT**

AGENCY NO. 4807     ☐ JUVENILE   ☒ ADULT

| CASE NO. 08-11738 | PAGE |
|---|---|
| REP. DEV. CODE | RD | BEAT |
| | | |

| PROP 115 QUALIFIED | WEAPON USED. |
|---|---|
| ☒ YES  ☐ NO | ☐ YES ☒ NO |
| DOMESTIC VIOLENCE | BILLABLE |
| ☐ YES ☒ NO | ☐ YES ☒ NO |

**ARREST DATA 1**

| DATE / TIME OF ARREST | 48 HOUR EXPIRATION | LOCATION OF ARREST | ARRESTING AGENCY |
|---|---|---|---|
| 7-11-08   1730 | | AO CALLAGHAN / HENRY | VPD |
| TYPE OF ARREST | | LOCATION OF OFFENSE | ARRESTING OFFICER/ID # |
| ☒ PC  ☐ WARRANT  ☐ CITIZEN  ☐ OTHER | | same | POTTS 862 |

**SUSPECT 2**

| NAME (Last, First, Middle) | SEX | RACE | D.O.B. | AGE | HGT | WGT | HAIR | EYES | POB |
|---|---|---|---|---|---|---|---|---|---|
| STANFIELD, BOBBY LEE | M | B | 4/30/71 | 37 | 5-7 | 170 | BC | BR | CA |
| RESIDENCE ADDRESS | | CITY | | ST | YRS | RES. PHONE | DL NUMBER / STATE | | |
| 560 #1 WINCHESTER | | VJO | | CA | 1 | 297-1498 | A6319475 | | |
| BUSINESS NAME AND ADDRESS | | CITY | | BUS. PHONE | | BUILD: ☐ 0=UNK ☐ 1=THIN ☒ 2=MED ☐ 3=HEAVY ☐ 4=MUSCULAR | | | |
| | | | | | | | | | |
| AKA | | GANG: ☐ KNOWN ☐ UNK | SSN # | | OCCUPATION | | | | |
| | | AFFILIATION: | 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 | | JANITOR | | | | |

**VEHICLE 3**

| LICENSE # | STATE | YEAR | MAKE | MODEL | DISPOSITION OF VEHICLE |
|---|---|---|---|---|---|
| | | | | | |

**CHARGES 4**

| CODE SECTION / DESCRIPTION | MISD | FELONY | WARRANT NO. | ISSUING AGENCY | COURT | BAIL |
|---|---|---|---|---|---|---|
| 148PC / RESISTING | X | | | | | |
| 11351 HS / POSS cocaine 4 sale | | X | | | | |
| 11352 HS / sales | | X | | | | |
| 3056 / parole vio | | X | | | | |

**FACTS ESTABLISHING ELEMENTS AND IDENTIFICATION OF DEFENDANT 5 — SEE ATTACHED REPORTS, INCORPORATED HEREIN BY THIS REFERENCE**

Det Potts made arrangements via phone with suspect to purchase an amount of cocaine. Suspect arrived and fled on foot. A foot chase ensued and he was apprehended during the chase. Det Potts observed suspect throw an quantity of cocaine (wikkit 4). Det Potts recovered the cocaine. Suspect also had ~~~~~~~~~~~~~~~ on his person. ID'D via cdl and prior knowledge.

| VICTIMS AGE | VICTIMS INJURIES | | WEAPON DESCRIPTION | | |
|---|---|---|---|---|---|
| | | | | | |
| VALUE OF PROPERTY LOSS | TYPE OF PROPERTY | TYPE OF NARCOTICS | QUANTITY | STREET VALUE | WHOLESALE VALUE |
| | | cocaine | 1 gram | 50.00 | |

☐ BAIL PER SCHEDULE   BAIL SET AT $ _____

RELEASED FROM CUSTODY:
☐ BAIL  ☐ PTA  ☐ PC 825  ☐ OTHER

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY INFORMATION AND BELIEF.

EXECUTED ON (DATE): 7-11-08 AT SOLANO COUNTY, CALIFORNIA BY (ARRESTING OFFICER SIGNATURE) _____ 578

ON THE BASIS OF: ☐ THE OFFICER'S DECLARATION   ☐ REPORTS REVIEWED.   I HEREBY DETERMINE THAT THESE ☐ IS   ☐ IS NOT PROBABLE CAUSE TO BELIEVE THIS ARRESTEE HAS COMMITTED A CRIME.   DATE: _____ TIME: _____ JUDICIAL SIGNATURE: _____

**CUSTODY INFO 6**

| COMPLAINTS OF ILLNESS OR INJURY: ☐ YES ☒ NO | EVIDENCE OF ILLNESS OR INJURY: ☐ YES ☒ NO | | ☐ COURT | ☐ OTHER |
|---|---|---|---|---|
| EXPLAIN: | TREATED BY: | LOCATION: | | |
| EMERGENCY NOTIFICATION NAME (Last, First, Middle): NONE | ADDRESS | | CITY | RES. PHONE |
| CASH | COIN | TOTAL | WITNESS | DATE | TIME |
| | | | | | |
| HOLDS | TRANSPORTING OFFICER VILLALOBOS | ID # 612 | AGENCY VPD | REVIEWED BY _____ 516 | ENTERED RMS BY: |
| OTHER AGENCY NO. | TIME REC. 23:04 | RECEIVING OFFICER(S) SORVETTI/JET | BI NUMBER 105452 | BOOKING NO. 08-10456 |

# SOLANO COUNTY
# SHERIFF'S DEPARTMENT

## ARREST REPORT
### AGENCY NO. 4807

| CASE NO. | PAGE |
|---|---|
| 08-11378 | 2 |

| AMT OF HAIR 7 | HAIR STYLE 11 | COMPLEXION 13 | TATTOOS/SCARS DISTING MARKS 16 | WEAPON(S) 21 |
|---|---|---|---|---|
| ☐ 0 UNKNOWN **Q21**<br>☐ 1 THICK<br>☐ 2 THIN<br>☐ 3 RECEDING<br>☐ 4 BALD<br>☐ 5 OTHER | ☐ 0 UNKNOWN **Q25**<br>☐ 1 LONG<br>☐ 2 SHORT<br>☐ 3 COLLAR<br>☐ 4 MILITARY<br>☐ 5 CREW CUT<br>☐ 6 RIGHT PART<br>☐ 7 LEFT PART<br>☐ 8 CENTER PART<br>☐ 9 STRAIGHT BACK<br>☐ 10 PONY TAIL<br>☐ 11 AFRO NATURAL<br>☐ 12 PROCESSED<br>☐ 13 TEASED<br>☐ 14 OTHER | ☐ 0 UNKNOWN **Q27**<br>☐ 1 CLEAR<br>☐ 2 ACNE<br>☐ 3 POCKMARKS<br>☐ 4 FRECKLED<br>☐ 5 WEATHERED<br>☐ 6 ALBINO<br>☐ 7 OTHER | ☐ 0 UNKNOWN **Q30**<br>☐ 1 FACE<br>☐ 2 TEETH<br>☐ 3 NECK<br>☐ 4 R/ARM<br>☐ 5 L/ARM<br>☐ 6 R/HAND<br>☐ 7 L/HAND<br>☐ 8 R/LEG<br>☐ 9 L/LEG<br>☐ 10 R/SHOULDER<br>☐ 11 L/SHOULDER<br>☐ 12 FRONT TORSO<br>☐ 13 BACK TORSO<br>☐ 14 OTHER | ☐ 0 UNKNOWN **Q33**<br>☐ 0 NONE<br>☐ 1 CLUB<br>☐ 2 HAND GUN<br>☐ 3 OTHER UNK GUN<br>☐ 4 RIFLE<br>☑ 5 SHOT GUN<br>☑ 6 TOY GUN<br>☐ 7 SIMULATED<br>☐ 8 POCKET KNIFE<br>☐ 9 FIXED BLADE KNIFE<br>☐ 10 OTH CUT STAB INST<br>☐ 11 HANDS FEET<br>☐ 12 BODILY FORCE<br>☐ 13 STRANGULATION<br>☐ 14 TIRE IRON<br>☐ 15 OTHER |

| TYPE OF HAIR 8 | | GLASSES 14 | UNIQUE CLOTHING 17 | WEAPON 19 | WEAPON FEATURE 22 |
|---|---|---|---|---|---|
| ☐ 0 UNKNOWN **Q22**<br>☐ 1 STRAIGHT<br>☐ 2 CURLY<br>☐ 3 WAVY<br>☐ 4 FINE<br>☐ 5 COARSE<br>☐ 6 WIRY<br>☐ 7 WIG<br>☐ 8 OTHER | | ☐ 0 UNKNOWN **Q28**<br>☐ 1 YES (NO DESCRIP)<br>☐ 2 REG GLASSES<br>☐ 3 SUN GLASSES<br>☐ 4 WIRE FRAME<br>☐ 5 PLASTIC FRAME<br>COLOR ___<br>☐ 6 OTHER ___ | ☐ 1 HAT **Q31**<br>☐ 2 GLOVES<br>☐ 3 SKI MASK<br>☐ 4 STOCKING MASK<br>☐ 5 BASEBALL CAP<br>☐ 6 OTHER | ☐ 0 N/A **Q32**<br>☐ 1 BAG/<br>BRIEF CASE<br>☐ 2 NEWSPAPER<br>☐ 3 POCKET<br>☐ 4 SHOULDER HOLST<br>☐ 5 WAIST BAND<br>☐ 6 OTHER | ☐ 0 UNKNOWN **Q34**<br>☐ 0 NONE<br>☐ 1 ALTERED STOCK<br>☐ 2 SAWED OFF<br>☐ 3 AUTOMATIC<br>☐ 4 BOLT ACTION<br>☐ 5 PUMP<br>☐ 6 REVOLVER<br>☐ 7 BLUE STEEL<br>☐ 8 CHROME NICKEL<br>☐ 9 DOUBLE BARREL<br>☐ 10 SINGLE BARREL<br>☐ 11 OTHER |

| FACIAL HAIR 12 | VOICE 15 | TEETH 18 | FACE 20 | |
|---|---|---|---|---|
| ☐ 0 UNKNOWN **Q26**<br>☐ 0 N/A<br>☐ 1 CLN SHAVEN<br>☐ 2 MUSTACHE<br>☐ 3 FULL BEARD<br>☐ 4 GOATEE<br>☐ 5 FUMANCHU<br>☐ 6 LOWER LIP<br>☐ 7 SIDE BURNS<br>☐ 8 FUZZ<br>☐ 9 UNSHAVEN<br>☐ 10 OTHER | ☐ 0 UNKNOWN **Q29**<br>☐ 0 N/A<br>☐ 1 LISP<br>☐ 2 SLURRED<br>☐ 3 STUTTER<br>☐ 4 ACCENT<br>DESCRIBE ___<br>☐ 5 OTHER ___ | ☐ 1 BROKEN **Q36**<br>☐ 2 CHIPPED<br>☐ 3 CROOKED<br>☐ 4 PROTRUDING<br>☐ 5 MISSING<br>☐ 6 NONE<br>☐ 7 GOLD<br>☐ 8 SILVER<br>☑ 9 STAINED/DECAYED | ☐ 1 BROAD **Q37**<br>☐ 2 HIGH CHK<br>☐ 3 LONG<br>☐ 4 OVAL<br>☐ 5 ROUND<br>☐ 6 SQUARE<br>☐ 7 THIN | |

| HAIR CONDITION 9 | | | | |
|---|---|---|---|---|
| ☐ 0 UNKNOWN **Q23**<br>☐ 1 CLEAN<br>☐ 2 DIRTY<br>☐ 3 GREASY<br>☐ 4 MATTED<br>☐ 5 ODOR<br>☐ 6 OTHER | | | | |

| R/L HANDED 10 |
|---|
| ☐ 0 UNKNOWN **Q24**<br>☐ 1 RIGHT<br>☐ 2 LEFT |

## JUVENILE ARREST INFORMATION 23

| SCHOOL LAST ATTENDED | LOCATION | | GRADE | |
|---|---|---|---|---|
| NAME OF FATHER-GUARDIAN | ADDRESS | CITY | RES. PHONE | BUS. PHONE |
| NAME OF MOTHER-GUARDIAN | ADDRESS | CITY | RES. PHONE | BUS. PHONE |
| NAME OF PARENT-GUARDIAN | ADDRESS | CITY | RES. PHONE | BUS. PHONE |
| PERSON NOTIFIED | NOTIFIED BY | METHOD OF NOTIFICATION | DATE | TIME |

## CITIZEN'S ARREST 24

CITIZEN ARREST STATEMENT: I HEREBY ARREST THE ABOVE PERSON ON THE CHARGE INDICATED HEREIN AND REQUEST A PEACE OFFICER TO TAKE HIM/HER INTO CUSTODY. I WILL APPEAR TO SIGN A COMPLAINT AGAINST THE PERSON I HAVE ARRESTED. (SIGNATURE)

| CITIZEN'S NAME (Last, First, Middle) | ADDRESS | CITY | RES. PHONE | BUS. PHONE |
|---|---|---|---|---|

IN VIEW OF THE INFORMATION HEREIN STATED, THE ABOVE ARRESTEE WAS NOT RELEASED PURSUANT TO CP 853.6 SPECIFICALLY BECAUSE:

☐ INTOXICATED STATE MAY RESULT IN DANGER TO SELF OR OTHERS.

☐ ARRESTEE REQUIRED MEDICAL EXAMINATION OR CARE OR COULD NOT CARE FOR OWN SAFETY.

☐ THE IMMEDIATE RELEASE WOULD JEOPARDIZE PROSECUTION.

☐ ARRESTED FOR ONE OR MORE OFFENSES LISTED UNDER SECTION 40302 CVC.

☐ DEMANDED IMMEDIATE APPEARANCE.

☐ ARRESTED FOR 23152 (a) & (b) CVC.

☐ THERE ARE ADDITIONAL OUTSTANDING ARREST WARRANTS.

☐ ARRESTEE HAD NO PERSONAL IDENTIFICATION.

☐ RELEASE WOULD INCREASE LIKELIHOOD OF OFFENSE CONTINUING.

☐ REFUSED TO SIGN WRITTEN PROMISE TO APPEAR.

| REPORTING OFFICER | ID# | DATE | REVIEWED BY / ID# | DATE |
|---|---|---|---|---|
| BADUA | 578 | 7-11-08 | | |

**Vallejo Police Department**
111 Amador St
Vallejo, CA 94590
707 648-4321
Fax: 707 648-4490
www.vallejopd.com

Arrest Report
Report # 0811738.1
Date: 7/11/2008

7
Page 7
of 3

| UCR Type |
|---|
| K - Miscellaneous |

| Status |
|---|
| E - Evidence (Including Other Seized Property And Tools) |

| License No. | State | License Year | Vehicle Year | Color | | Body Style |
|---|---|---|---|---|---|---|

| Recovered Date | | Disposition | | | Evidence Tag |
|---|---|---|---|---|---|

| Drug Type |
|---|

| Drug Quantity | | | Drug Measure |
|---|---|---|---|

| Property Notes |
|---|
| Evidence Item JP6 recovered from (S)'S vehicle. |

Report Narrative
ADDITIONAL CHARGES:

11351 HS - Possession for sale cocaine hydrochloride
148(a) 1 PC - Resisting arrest
3056 PC - Parole violation

On July 11, 2008 at approximatley 04:56 PM I called Bobby STANFIELD at 297-1498. [The Vallejo Police Department Special Operations Section recently received a report via a crimestopper tip. This crimestopper tip from an anonymous caller named a "Bobby Stanfield", a black male, light skin, 5'7" and heavy set is selling crack cocaine, and works off of his cellular telephone: 297-1498.]

I called "Bobby" at 297-1498 and told him I was "J" from Gentleman Jim's and that I was trying to get a "piece". "Bobby" seemed to remember me and asked if I wanted it the "soft way". [Based on my experience "soft" is often street slang for cocaine hydrochloride.] I told him I did and he replied, "you want some goodies!". I told him I wanted $50 worth, and he said that he needed to go get it. "Bobby" told me that he would call me back in 15 minutes. We agreed on meeting at the Jack N Box on Admiral Callagham lane.

"Bobby" called back from 297-1498, and told me that he would be in a silver car, a "G6". He asked what I would be driving. The above conversations were digitally recorded and preserved for evidence.

"Bobby" called back again from 297-1498 and stated that the "Jack N the Box" wouldn't be good because of the police presence in the lot. He directed me to a liquor store up the street at the corner of Admiral Callagham and Henry. This conversation was not digitally recorded.

Detective Ramrakha and I drove into the lot and saw a silver Pontiac 2008 G6, license plate # 6CJU456 parked in the stall. This vehicle is registered to Enterprise Rent a Car. Next, I observed a male black on the phone, later identified as Bobby STANFIELD. STANFIELD was on the phone with me asking where I was. He looked towards our location at about the same time. A later search of this vehicle revealed indicia for STANFIELD. This vehicle was later towed pursuant to 22651(h) of the California Vehicle Code.

I got out of my U/C vehicle and told STANFIELD that he was under arrest. STANFIELD immediately turned around and began running northbound on Admiral Callaghan. I gave chase and observed STANFIELD throw a plastic item, which he retrieved from his pants. This object, which I suspected of being narcotics landed on the other side of the fence. STANFIELD was immediately apprehended a short distance later. A search of STANFIELD's person revealed a Motorola cell phone. A search of this phone revealed my U/C number dialed 4 times, and received at least one time. The received number was at 04:54 PM.

The suspected cocaine was recovered in the area where STANFIELD was seen throwing it. It was recovered by Detective K. McCarthy and his K-9 Moose. Please refer to his supplemental report for details.

**Vallejo Police Department**
111 Amador St
Vallejo, CA 94590
707 648-4321
Fax: 707 648-4490
www.vallejopd.com

Arrest Report
Report # 0811738.1
Date: 7/11/2008

8
Page 8
of 3

STANFIELD was arrested and transported to VPD. Once at VPD, I recited STANFIELD his Miranda rights, which he waived. STANFIELD admitted to possessing the cocaine, and throwing it over the fence as he ran. He said that he knows a "J" at Gentleman Jim's. STANFIELD also stated that he initially ran because he was scared, and thought he may be getting robbed. However, STANFIELD admitted that he heard me tell him he was under arrest and from that moment on knew I was police. [I was wearing a brown jacket over my VPD Special Operations Section uniform]. STANFIELD thought he was going to be selling to this "J". STANFIELD said that he doesn't usually sell cocaine, and if he does it's to just do people a favor. STANFIELD told me that he was just going to get Proposition 36 anyway. I told him that he probably wouldn't because he planned on selling.

A parole hold was obtained for STANFIELD. STANFIELD was booked into Solano County Jail.

The suspected cocaine hydrochlorided tested presumptive positive via NIK and weighed approximately 1 gram. It was placed into a heat sealed envelope, which was later placed into a Contra Costa Services Envelope for submission to be analyzed. The remaining non drug evidence was placed into VPD evidence.

RECOMMENDATIONS: PLEASE REFER THIS REPORT TO THE DISTRICT ATTORNEY'S OFFICE FOR PROSECUTION. STANFIELD agreed to sell an undercover police officer $50 worth of cocaine hydrochloride. Upon seeing the police, STANFIELD took off running and was apprehended a short distance later after he was observed throwing the suspected cocaine over a fence. STANFIELD is on CDC parole for 11351. 5 HS - Possession of crack cocaine for sale.

Corporal J. Potts #562

# EXHIBIT COVER PAGE

**EXHIBT**

Description of this Exhibit:

    Case No.
    People v.

Number of pages to this Exhibit _____ pages.

JURISDICTION:  (Check only one)

    ☐ Municipal Court
    ☐ Superior Court
    ☐ Appellate Court
    ☐ State Supreme Court
    ☐ United States District Court
    ☐ State Circuit Court
    ☐ United State Supreme Court
    ☐ Grand Jury

08-7786-1

**Forensic Services Division**
**Contra Costa County Office of the Sheriff**
1980 Muir Road, Martinez, Ca. 94553

**REPORT OF LABORATORY EXAMINATION**

| | | | |
|---|---|---|---|
| Laboratory No: | 08-7786-1 | Agency: | Vallejo Police Department |
| Analysis Date(s): | 7/17/2008 | Agency Case No.: | 08-11738 |
| Service: | Solid Dosage Drugs | Requested by: | Jason Potts |
| Request Date: | 7/17/2008 | Case Type: | Controlled Substance |
| Subject(s): | Stanfield, Bobby | | |

**Examination Results:** *(Initial package(s) were submitted tape sealed unless otherwise stated)*

Lab Item # 1:      Controlled substance envelope

Item # JP1:        One plastic bag containing chunky substance from subject
*(Lab Item # 1-1)*   **Cocaine Salt**, Schedule II, Net weight: 1.13 grams

[End of Report]

Reported By:

*M Siegrist*

Monica Siegrist, Criminalist
Date:    July 17, 2008

Approved By:

*R.*

Arsenio D Ricafrente, Forensic Supervisor

JUL 18 2008

Page 1 of 1

# EXHIBIT COVER PAGE

$C$

**EXHIBIT**

Description of this Exhibit:

Case No.
People v.

Number of pages to this Exhibit _____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

**FILED**
Clerk of the Superior Court

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SOLANO**

AUG 1 4 2008

By _____
DEPUTY CLERK

PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

vs.

_Bobby Stanfield_

Defendant.

Case No. _UCR 198800_

**WAIVER OF CONSTITUTIONAL RIGHTS**
**AND DECLARATION IN SUPPORT OF**
**DEFENDANT'S MOTION TO CHANGE PLEA**
*(Felony)*

---

☑ I am the defendant in this action. I am represented by:
☐ Public Defender    ☐ Conflict Defender    ☐ _____.

☑ I have fully discussed the facts, merits, and possible defenses of this case with my attorney.

☑ I wish to change my previously-entered plea of "not guilty" to Count(s) _I & II_

and enter a new and different plea of _No Contest_ to Count(s) _II 1135.1,5, and admit_

☑ I understand that before the Court can accept this plea, I must show that I have been advised of, understand, _two 11370. 2(a)  and two 666.5(6)_
and waive (that is, give up) certain constitutional rights.

**FOR THE PURPOSE OF THIS CHANGE OF PLEA, I UNDERSTAND:**

Deft's
Initials

1.  I have the right to a preliminary hearing within 10 court days and 60 calendar days of my arraignment. I understand at the preliminary hearing that the prosecution would be required to produce sufficient evidence to convince the judge that a crime has been committed and there is reasonable cause to believe I committed that crime. If the prosecution produced insufficient evidence, the case would be dismissed.
    **I give up my right to a preliminary hearing.**

    1. _B.D._

2.  I have a right to a speedy and public trial. I give up this right. I have a right to a trial by jury; I further understand that the jury would be composed of 12 persons from the community, and that I could not be found guilty unless all 12 jurors agreed that I was guilty. I understand that their determination must be based upon a finding that the evidence proved my guilt beyond a reasonable doubt.
    **I give up my right to a speedy and public trial.**

    2. _B.D._

3.  I have the right to confront the witnesses against me (that is, I have the right to see and hear the witnesses who testify against me). The witnesses may be asked questions on my behalf. This questioning of witnesses on my behalf is called "cross-examination."
    **I give up my right to confront the witnesses who may testify against me.**

    3. _B.S._

4.  I have the right to subpoena witnesses or evidence to any trial or preliminary hearing. A subpoena is a court order which compels the attendance of witnesses in court or the bringing of evidence to court. The subpoena makes it possible for me to present witnesses and evidence on my behalf.
    **I give up my right to subpoena witnesses and evidence into court on my behalf.**

    4. _B.S._

5.  I have a right against self-incrimination (that is, the right to remain silent). This means that at any trial or preliminary hearing I cannot be compelled to testify against myself. This right includes not being called to the witness stand during any trial or preliminary hearing. I understand that by entry of a plea of guilty, I am incriminating myself.
    **I give up my right against self-incrimination.**

    5. _B.S._

---

WAIVER OF RIGHTS IN SUPPORT OF CHANGE OF PLEA *(Felony)*

1

Form #545  Rev. 1/05

**11.** The facts upon which this change of plea are based are:
☐ those contained in the preliminary transcript.
☐ those contained in the police report (#_____).
☐ stipulated.
☐ _____
_____

11. _B.S._

**12.** ADDITIONAL MATTERS: (e.g., Harvey waiver, 11590 H&S, restitution, 290 PC registration, 1203.4 PC fine)

_____
_____

12. _B.S._

**13.** I declare that my attorney has read and explained this document to me, and I hereby freely and voluntarily, having full knowledge and understanding of the rights that I am giving up and the possible consequences which may result from my plea, do hereby request the Court to accept my new and different plea(s).

13. _B.S._

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ___8/14/08___        _____
                              **Defendant**

---

### ATTORNEY'S STATEMENT

I, ___K. Lee___, do hereby declare that:
I am the attorney for the defendant in this action;
I have read and explained the foregoing document to my client and I have adequately researched and advised the defendant as to the immigration consequences of this plea;
after I read and explained said document, (s)he signed his/her name thereto in my presence;
based upon my conversation with the defendant, I am satisfied that his/her plea of guilty is freely and voluntarily made;
(s)he understands the consequences of his/her plea of guilty;
his/her decision to plead guilty was made only after a full discussion with me of the facts and the law of this case;
I join in the waiver of jury trial.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ___8/14/08___        _____
                              **Attorney for defendant**

---

### INTERPRETER'S STATEMENT (if applicable)

I, _____, truly translated this waiver of rights form to the defendant, through

his/her attorney, in the _____ language. I then asked the defendant, through his/her attorney, if the defendant understood what the form said, and if (s)he did understand, to sign the form **if, and only if,** (s)he still intended to plead guilty or no contest to the charge(s).

Dated: _____        _____
                                          **Interpreter**

---

WAIVER OF RIGHTS IN SUPPORT OF CHANGE OF PLEA *(Felony)*

Form #545  Rev. 1/05

3

# EXHIBIT COVER PAGE 

**EXHIBT**

Description of this Exhibit:

Case No.
People v.

Number of pages to this Exhibit _____ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

## Lee, Kenneth

**From:** Ganz, Andrew M.

**Sent:** Wednesday, July 23, 2008 2:41 PM

**To:** Lee, Kenneth

**Subject:** RE: Who has...

I'm offering him 10 years. Mid-term on Count 1 or 2, plus 2 of his three 11370.2's. Mike Mullins wrote a note in the file that he is to get no less than 10 years. He also was sentenced to 9 yrs. for his last 11351.5, so he would be getting about the same this time as he did last, with that additional prior in play (that's my sales pitch at least).

Andrew Ganz
Solano County District Attorney
321 Tuolumne Street
Vallejo, CA 94590
707-553-5321

**From:** Lee, Kenneth
**Sent:** Wednesday, July 23, 2008 2:37 PM
**To:** Ganz, Andrew M.
**Subject:** RE: Who has...

Ken

    -----Original Message-----
    **From:** Ganz, Andrew M.
    **Sent:** Wednesday, July 23, 2008 11:17 AM
    **To:** Lee, Kenneth; Boskin, Pamela R.
    **Subject:** Who has...

    ...Bobby Stanfield?

    Andrew Ganz
    Solano County District Attorney
    321 Tuolumne Street
    Vallejo, CA 94590
    707-553-5321

## Lee, Kenneth

**From:** Ganz, Andrew M.

**Sent:** Wednesday, August 13, 2008 4:13 PM

**To:** Lee, Kenneth

**Subject:** RE: Bobby Stanfield, VCR198800

Okay,

That's fine. Even though it sounds like I might be able to get more out of him, I won't make him accept suspension of max time. I'll offer him probation on the 11351.5 (or Ct. 1 if we clarify that it was transported for sale), with 12 years suspended. I get that as follows:

Mid-term of (4) + two 11370.2s (6) + two PPTs (2) = Aggregate of 12.

So I'm striking one 11370.2 and two PPTs. Let me know if you have any questions/comments.

Thanks,

Andrew Ganz
Solano County District Attorney
321 Tuolumne Street
Vallejo, CA 94590
707-553-5321

**From:** Lee, Kenneth
**Sent:** Tuesday, August 12, 2008 9:14 AM
**To:** Ganz, Andrew M.
**Subject:** Bobby Stanfield, VCR198800

Andrew,

Mr. Stanfield has been accepted to Delancey Street, I have the confirmation letter dated August 5, 2008. Your previous offer was 10 years, which was based on notes placed in the file by Mr. Mullins. Would you consider suspending that prison term, even a higher term, and giving Mr. Stanfield an opportunity to enter Delancey Street.

Ken.

EXHIBIT COVER PAGE 

EXHIBT

EXHIBIT- B

1              IN THE SUPERIOR COURT OF CALIFORNIA.

2                      COUNTY OF SOLANO

3          HONORABLE ALLAN P. CARTER, JUDGE PRESIDING

4                          -oOo-

5     PEOPLE OF THE STATE OF CALIFORNIA,

6                   Plaintiff,

7          VS                              No. VCR198800

8     BOBBY LEE STANFIELD,

9                   Defendant.

      _____/

10

11

12          REPORTER'S TRANSCRIPT OF PROCEEDINGS

13                     ENTRY OF PLEA

14                   AUGUST 14, 2008

15

16

17

18                A P P E A R A N C E S

19                          -oOo-

20    FOR THE PEOPLE:         ANDREW GANZ
                              DEPUTY DISTRICT ATTORNEY
21                            321 TUOLUMNE STREET
                              VALLEJO, CA   94590
22

23    FOR THE DEFENDANT:      KENNETH LEE
                              DEPUTY PUBLIC DEFENDER
24                            321 TUOLUMNE STREET
                              VALLEJO, CA   94590
25

26

27                 JANICE DEL RIO, CSR
                 OFFICIAL COURT REPORTER
28               CSR LICENSE NO. 9202

1                        AUGUST 14, 2008

2                            -o0o-

3           The before-entitled matter came on

4      regularly this day for ENTRY OF PLEA in the

5      Superior Court of California, County of Solano,

6      before HONORABLE ALLAN P. CARTER, Judge Presiding.

7           The PEOPLE OF THE STATE OF CALIFORNIA

8      were represented by ANDREW GANZ, Deputy District

9      Attorney.

10          The Defendant, BOBBY LEE STANFIELD, was

11     present and represented by KENNETH LEE, Deputy

12     Public Defender.

13          JANICE DEL RIO, Official Court Reporter,

14     was present and acting.

15          The following proceedings were had and

16     taken, to wit:

17                           -o0o-

18          THE COURT:   Are you ready on another

19     in-custody matter?

20          MR. LEE:  Mr. Stanfield.

21          THE COURT:  Okay.  Let's bring him out.

22          (Defendant entered courtroom.)

23          THE COURT:  Okay.  Mr. Stanfield is here

24     with Mr. Lee.  We've got Mr. Ganz from the D.A.'s

25     office.  We've got a misdemeanor trailing, and then

26     we've got a felony, and apparently there's a change

27     of plea on the felony.

28          MR. LEE:  That's correct.  He's going to

1  be pleading to Count 1.  He's also going to be

2  admitting two 11370.2 priors and two 667.5 priors.

3          (Document handed to the Court.)

4          THE COURT:  Thank you.

5          Okay.  And, Mr. Ganz, you're here from

6  the D.A.'s office?

7          MR. GANZ:  Yes, Your Honor.

8          THE COURT:  Mr. Stanfield, listen up,

9  please.  I just got handed a blue waiver form.

10  There's a number of initials and a signature.  Are

11  those yours?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  And it looks like you want to

14  enter a new and different plea of no contest to

15  Count -- it says Count 1, but that's not correct.

16  Count 1 is the 11352.

17          MR. LEE:  I'm sorry, Your Honor.  They

18  carry the same, but I did mean to write Count 2.

19          THE COURT:  It should be Count 2, the

20  11351?

21          MR. LEE:  Yes.

22          THE COURT:  Count 2, right?

23          MR. LEE:  Yes, Your Honor.  I apologize.

24          THE COURT:  All right.  I'll write Count

25  2.

26          All right, sir.  We'll start over.  It

27  looks like you want to enter a new and different

28  plea of no contest to Count 2, which is a felony

1   violation of 11351.5, which is possession of

2   cocaine for the purpose of sale. Is that what you

3   want to do?

4           THE DEFENDANT: Yes, sir.

5           THE COURT: Okay. And it also looks like

6   you want to admit within the meaning of 11370.2(a),

7   on two separate occasions, you've been convicted of

8   the same or similar offense; is that true?

9           THE DEFENDANT: Yes.

10          THE COURT: It also looks like you want

11  to admit within the meaning of 667.5(b) of the

12  Penal Code that you suffered at least two prior

13  prison terms, you went to prison and you didn't

14  remain free of custody for a period of five years;

15  is that true?

16          THE DEFENDANT: Yes.

17          THE COURT: Okay. Now, are these 11370

18  three year priors?

19          MR. LEE: Yes.

20          THE COURT: Okay. I have reviewed the

21  waiver form. It does appear to be a knowing,

22  intelligent and voluntary waiver of the various

23  statutory and constitutional rights.

24          Counsel, did the two lawyers want to

25  stipulate to a factual basis?

26          MR. LEE: Yes, Your Honor.

27          MR. GANZ: Yes, Your Honor.

28          THE COURT: I'll accept that and the

4

1    defendant's plea of no contest to Count 2, along

2    with the admission of four enhancements, and go

3    ahead and find him guilty.

4            Now, is he going to be sentenced today?

5            MR. LEE: No, we are -- I have to contact

6    parole, so we are asking to refer it to Probation

7    to confirm the letter and do what they need to do.

8            THE COURT: Okay. That's fine. That's

9    not a problem. The matter is referred to the

10   Solano County Probation Department.

11           You understand you are going to get a

12   substantial suspended prison sentence. You are

13   going to get probation with Delancy Street, right?

14           THE DEFENDANT: Yes.

15           THE COURT: Okay. The matter is referred

16   to the Solano County Probation Department for

17   preparation of a presentence report.

18           Do you want to do that on the 12th of

19   September at 8:30?

20           MR. LEE: Actually, I would like the

21   19th. I'm going to try to arrange a contact visit.

22           THE COURT: Not a problem. 19th of

23   September, 8:30 in the morning.

24           Anything else for you, Mr. Lee?

25           MR. LEE: No, Your Honor.

26           THE COURT: How about you, sir?

27           MR. GANZ: No, thanks.

28           THE COURT: Did you want to dismiss the

5

1   misdemeanor 11352(b)?

2           MR. GANZ:  Yes.  And I'll move to dismiss

3   the balance of the other counts.

4           THE COURT:  Very good.  That will be the

5   order.

6           Okay, Mr. Stanfield, that's it.

7           (Proceedings concluded.)

8                       -o0o-

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT COVER PAGE 

**EXHIBIT**

Description of this Exhibit:

Case No.
People v.

Number of pages to this Exhibit _____ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

1    AFTER THE SUPREME COURT DECISION ON JAN. 18, 2012.

2    PETITIONERS, APPELLATE ATTORNEY MAILED THE CASE FILE TO

3    PETITIONER. UPON RECIEVING THE FILE, PETITIONER NOTICE IT

4    WAS INCOMPLETE. PETITIONER IMMEDIATELY WROTE TO

5    P.D. KENNETH LEE, REQUESTING ALL DOCUMENTS CONCERNING

6    PETITIONERS CASE. AFTER RECIEVING NO RESPONSE. PETITIONER

7    WROTE P.D. LAURIE BERLINDER REQUESTING THE SAME

8    DOCUMENTS, STILL NO RESPONSE CAME. AFTER FILING A

9    HABEAS CORPUS, SUBSEQUENTLY BEING DENIED MAY 1, 2012.

10    ARROUND MAY 10, 2012, I WROTE ANOTHER LETTER TO THE

11    PUBLIC DEFENDERS OFFICE "TO THE CHIEF DUPUTY". I ALSO HAD

12    A FRIEND GO INTO THE PUBLIC DEFENDERS OFFICE WITH

13    A LETTER, REQUESTING SAID DOCUMENTS. ON JUNE 29, 2012,

14    PETITIONER RECIEVED A LETTER FROM THE PUBLIC DEFENDERS

15    OFFICE. DATED JUNE 25, 2012 WITH THE MISSING DOCUMENTS

16    PETITIONER REQUESTED.

17

18

19

20

21

22

23

24

25

26

27

28

I, ROBERT F. KANE, declare:

1.      I am an attorney duly licensed to practice law in the State of California and was the attorney for Appellant Bobby Stanfield, *People v. Stanfield*, A129573, his appeal from Solano County Superior Court No. VCR198000.

2.      In January, 2012, I sent Mr. Stanfield the appellate record in his case after his appeal was denied.

3.      Mr. Stanfield has since advised me he received certain documents from the Solano County Public Defender's office. With respect to those documents, to the best of my recollection, neither the Arrest Report nor Laboratory Report or the documents attached hereto as Exhibit A were part of the appellate record.

I declare the foregoing to be true and correct under penalty of perjury this 24th day of July 2012 at San Francisco, California.

_____
ROBERT F. KANE

DECLARATION OF ROBERT F. KANE

1

**EXHIBIT A**

OFFICE OF
THE PUBLIC DEFENDER
**LESLI M. CALDWELL**
**PUBLIC DEFENDER**

CHIEF DEPUTY

CHIEF INVESTIGATOR
**LES DURFEE**

CLERICAL OPERATIONS MANAGER
**MURIEL CLEMENTE**



☐  675 Texas Street, Suite 3500
Fairfield, CA 94533-6339

(707) 784-6700  Main Office
(707) 784-6747  Fax
(707) 784-6746  Investigations Fax

■  355 Tuolumne Street, Suite 2200
Vallejo, CA 94590

(707) 553-5241
(707) 553-5013  Fax
(707) 553-5758  Investigations Fax

June 25, 2012

Bobby Stanfield, AE1510
T.C.C.F E3-210
415 U.S. Hwy 49 North
Tutwiler, MS. 38963

RE:     People v. Bobby Lee Stanfield
        Solano County Case No. VCR198800

Dear Mr. Stanfield,

I recently received your request for all documents and police reports from Solano County case
number VCR198800. Please find enclosed a copy of the felony complaint, police report, several
probation memos/reports, letters that were submitted on your behalf, correspondence from
residential treatment programs, laboratory analysis, and correspondence between your prior
lawyer and the prosecutor.

Sincerely yours,

Sara Johnson
Deputy Public Defender

| COPIES TO: | | | |
|---|---|---|---|
| ☐ DA ☐ PROB ☐ DOJ ☐ INV ☐ PAT ☐ RISK MANAGEMENT ☐ COUNTY COUNSEL ☐ OTHER | **SOLANO COUNTY SHERIFF'S DEPARTMENT** 530 UNION AVENUE, SUITE 100 FAIRFIELD, CA 94533 **ARREST REPORT** AGENCY NO. 4807   ☐ JUVENILE ☒ ADULT | | |

CASE NO. 08-11738   PAGE 1
REP DEV CODE   RD   BEAT
PROP 115 QUALIFIED: ☒ YES ☐ NO   WEAPON USED: ☐ YES ☒ NO
DOMESTIC VIOLENCE: ☐ YES ☒ NO   BILLABLE: ☐ YES ☒ NO

**ARREST DATA 1**

| DATE / TIME OF ARREST | 48 HOUR EXPIRATION | LOCATION OF ARREST | ARRESTING AGENCY |
|---|---|---|---|
| 7-11-08  1730 | | AD CALLAGHAN / HENRY | VPA |
| TYPE OF ARREST ☒ PC ☐ WARRANT ☐ CITIZEN ☐ OTHER | | LOCATION OF OFFENSE Same | ARRESTING OFFICER / ID # POTTS 562 |

**SUSPECT**

| NAME (Last, First, Middle) STANFIELD, BOBBY LEE | SEX M | RACE B | D.O.B. 4/30/71 | AGE 37 | HGT 5-7 | WGT 190 | HAIR BLK | EYES BR | POB VJO |
|---|---|---|---|---|---|---|---|---|---|

| RESIDENCE ADDRESS 560 #1 WINCHESTER | CITY VJO | ST CA | YRS 1 | RES. PHONE 297-1498 | DL NUMBER / STATE A6319475 |
|---|---|---|---|---|---|

| BUSINESS NAME AND ADDRESS | CITY | BUS. PHONE | BUILD: ☐ 0=UNK ☐ 1=THIN ☒ 2=MED ☐ 3=HEAVY ☐ 4=MUSCULAR |
|---|---|---|---|

| AKA | GANG: ☐ KNOWN ☐ UNK AFFILIATION: | SSN # 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 | OCCUPATION JANITOR |
|---|---|---|---|

**VEHICLE 3**

| LICENSE # | STATE | YEAR | MAKE | MODEL | DISPOSITION OF VEHICLE |
|---|---|---|---|---|---|

**CHARGES**

| CODE SECTION / DESCRIPTION | MISD | FELONY | WARRANT NO. | ISSUING AGENCY | COURT | BAIL |
|---|---|---|---|---|---|---|
| 148PC / RESISTING | X | | | | | |
| 11351 HS / POSS COCAINE 4 SALE | | X | | | | |
| 11352 HS / SALES | | X | | | | |
| 30561 PAROLE VIO | | X | | | | |

**FACTS ESTABLISHING ELEMENTS AND IDENTIFICATION OF DEFENDANT 5 / SEE ATTACHED REPORTS, INCORPORATED HEREIN BY THIS REFERENCE**

DET POTTS MADE ARRANGEMENTS VIA PHONE WITH SUSPECT TO PURCHASE AN AMOUNT OF COCAINE. SUSPECT ARRIVED AND FLED ON FOOT. A FOOT CHASE ENSUED AND HE WAS APPREHEND. DURING THE CHASE DET POTTS observed SUSPECT throw an Quantity OF COCAINE (NIKKIT+). DET POTTS recovered the cocaine. SUSPECT ALSO had on HIS person. I D'D VIA CDL AND PRIOR KNOWLEDGE.

| VICTIMS AGE | VICTIMS INJURIES | | WEAPON DESCRIPTION |
|---|---|---|---|

| VALUE OF PROPERTY LOSS | TYPE OF PROPERTY | TYPE OF NARCOTICS COCAINE | QUANTITY 1 GRM | STREET VALUE 50.00 | WHOLESALE VALUE |
|---|---|---|---|---|---|

☐ BAIL PER SCHEDULE   BAIL SET AT $_____   RELEASED FROM CUSTODY: ☐ BAIL ☐ PTA ☐ PC 825 ☐ OTHER

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY INFORMATION AND BELIEF.
EXECUTED ON (DATE): 7-11-08 AT SOLANO COUNTY, CALIFORNIA BY (ARRESTING OFFICER SIGNATURE) _____ 578
ON THE BASIS OF: ☐ THE OFFICER'S DECLARATION ☐ REPORTS REVIEWED. I HEREBY DETERMINE THAT THESE ☐ IS ☐ IS NOT PROBABLE CAUSE TO BELIEVE THIS ARRESTEE HAS COMMITTED A CRIME.  DATE:_____ TIME:_____ JUDICIAL SIGNATURE:_____

**CUSTODY INFO 6**

| COMPLAINTS OF ILLNESS OR INJURY: ☐ YES ☒ NO | EVIDENCE OF ILLNESS OR INJURY: ☐ YES ☒ NO | ☐ COURT ☐ OTHER |
|---|---|---|
| EXPLAIN: | TREATED BY:   LOCATION: | |

| EMERGENCY NOTIFICATION NAME (Last, First, Middle) NONE | ADDRESS | CITY | RES. PHONE |
|---|---|---|---|

| CASH | COIN | TOTAL | WITNESS | DATE | TIME |
|---|---|---|---|---|---|

| HOLDS | TRANSPORTING OFFICER WILBUR PAS | ID # 612 | AGENCY VPD | REVIEWED BY _____ 562 | ENTERED RMS BY: |
|---|---|---|---|---|---|

| OTHER AGENCY NO. | TIME REC. 23:04 | RECEIVING OFFICER(S) SORVETTI / JETS | BI NUMBER 105452 | BOOKING NO. 08-10456 |
|---|---|---|---|---|

# Vallejo Police Department

111 Amador St
Vallejo, CA 94590
707 648-4321
Fax: 707 648-4490
www.vallejopd.com

Case #0811738
Arrest Report
Report # 0811738.1
Date: 7/11/2008

7
Page 7
of 3

| UCR Type | | | | | | |
|---|---|---|---|---|---|---|
| K - Miscellaneous | | | | | | |

Status
E - Evidence (Including Other Seized Property And Tools)

| License No. | State | License Year | Vehicle Year | Color | | Body Style |
|---|---|---|---|---|---|---|
| | | | | | | |

| Recovered Date | | Disposition | | | Evidence Tag | |
|---|---|---|---|---|---|---|
| | | | | | | |

| Drug Type | | | | |
|---|---|---|---|---|
| | | | | |

| Drug Quantity | | Drug Measure | |
|---|---|---|---|
| | | | |

Property Notes
Evidence Item JP6 recovered from (S)'S vehicle.

Report Narrative
ADDITIONAL CHARGES:

**11351 HS - Possession for sale cocaine hydrochloride**
148(a) 1 PC - Resisting arrest
3056 PC - Parole violation

On July 11, 2008 at approximatley 04:56 PM, I called Bobby STANFIELD at 297-1498. [The Vallejo Police Department Special Operations Section recently received a report via a crimestopper tip. This crimestopper tip from an anonymous caller named a "Bobby Stanfield", a black male, light skin, 5'7" and heavy set is selling crack cocaine, and works off of his cellular telephone: 297-1498.]

I called "Bobby" at 297-1498 and told him I was "J" from Gentleman Jim's and that I was trying to get a "piece". **"Bobby"** seemed to remember me and asked if I wanted it the **"soft way"**. [Based on my experience "soft" is often street slang for cocaine hydrochloride.] I told him I did and he replied, "you want some goodies!". I told him I wanted $50 worth, and he said that he needed to go get it. "Bobby" told me that he would call me back in 15 minutes. We agreed on meeting at the "Jack N Box on Admiral Callaghan Lane.

"Bobby" called back from 297-1498, and told me that he would be in a silver car "a" "G6". He asked what I would be driving. The above conversations were digitally recorded and preserved for evidence.

"Bobby" called back again from 297-1498 and stated that the "Jack N Box" wouldn't be good because of the police presence in the lot. He directed me to a liquor store up the street at the corner of Admiral Callaghan and Henry. This conversation was not digitally recorded.

Detective Ramrakha and I drove into the lot and saw a silver Pontiac 2008 G6, license plate # 6CJU456 parked in the stall. This vehicle is registered to Enterprise Rent a Car. Next, I observed a male black on the phone, later identified as Bobby STANFIELD. STANFIELD was on the phone with me, asking where I was. He looked towards our location at about the same time. A later search of this vehicle revealed indicia for STANFIELD. This vehicle was later towed pursuant to 22651(h) of the California Vehicle Code.

I got out of my U/C vehicle, and told STANFIELD that he was under arrest. STANFIELD immediately turned around and began running northbound on Admiral Callaghan. I gave chase and observed STANFIELD throw a plastic item, which he retrieved from his pants. This object, which I suspected of being narcotics landed on the other side of the fence. STANFIELD was immediately apprehended a short distance later. A search of STANFIELD'S person revealed a Motorola phone. A search of this phone revealed my U/C number dialed 4 times, and received at least one time. The received number was at 04:54 PM.

The suspected cocaine was recovered in the area where STANFIELD was seen throwing it. It was recovered by Detective K. McCarthy and his K-9 Moose. Please refer to his supplemental report for details.

# Vallejo Police Department

111 Amador St
Vallejo, CA 94590
707 648-4321
Fax: 707 648-4490
www.vallejopd.com

Case #0811738
Arrest Report
Report # 0811738.1
Date: 7/11/2008

8
Page 8
of 3

STANFIELD was arrested and transported to VPD. Once at VPD, I read to STANFIELD his Miranda rights, which he waived. STANFIELD admitted to possessing the cocaine, and throwing it over the fence as he ran. He said that he knows a "J" at Gentleman Jim's. STANFIELD also stated that he initially ran because he was scared, and thought he may be getting robbed. However, STANFIELD admitted that he heard me tell him he was under arrest and from that moment on knew I was police. [I was wearing a brown jacket over my VPD Special Operations Section uniform]. STANFIELD thought he was going to be selling to this "J". STANFIELD said that he doesn't usually sell cocaine, and if he does it's to just do people a favor. STANFIELD told me that he was just going to get Proposition 36 anyway. I told him that he probably wouldn't because he planned on selling.

A parole hold was obtained for STANFIELD. STANFIELD was booked into Solano County Jail.

The suspected cocaine hydrochlorided tested presumptive positive via NIK and weighed approximately 1 gram. It was placed into a heat sealed envelope, which was later placed into a Contra Costa Services Envelope for submission to be analyzed. The remaining non drug evidence was placed into VPD evidence.

RECOMMENDATIONS: PLEASE REFER THIS REPORT TO THE DISTRICT ATTORNEY'S OFFICE FOR PROSECUTION. STANFIELD agreed to sell an undercover police officer $50 worth of cocaine hydrochloride. Upon seeing the police, STANFIELD took off running and was apprehended a short distance later after he was observed throwing the suspected cocaine over a fence. STANFIELD is on CDC parole for 11351. 5 HS - Possession of crack cocaine for sale.

Corporal J. Potts #562

Case 2:13-cv-00863-MCE-DAD   Document 1   Filed 05/02/13   Page 48 of 57



**Forensic Services Division**
**Contra Costa County Office of the Sheriff**
1960 Muir Road, Martinez, Ca. 94553

**REPORT OF LABORATORY EXAMINATION**

08-7786-1

| | | | |
|---|---|---|---|
| Laboratory No: | 08-7786-1 | Agency: | Vallejo Police Department |
| Analysis Date(s): | 7/17/2008 | Agency Case No.: | 08-11738 |
| Service: | Solid Dosage Drugs | Requested by: | Jason Potts |
| Request Date: | 7/17/2008 | Case Type: | Controlled Substance |
| Subject(s): | Stanfield, Bobby | | |

**Examination Results:** *(Initial package(s) were submitted tape sealed unless otherwise stated)*

Lab Item # 1:    Controlled substance envelope

Item # JP1:          One plastic bag containing chunky substance from subject
*(Lab Item # 1-1)*          **Cocaine Salt, Schedule II, Net weight: 1.13 grams**

[End of Report]

Reported By:

*M Siegrist*

Monica Siegrist, Criminalist
Date:    July 17, 2008

Approved By:

*R. fn*

Arsenio D Ricafrente, Forensic Supervisor



Page 1 of 1

## Lee, Kenneth

**From:** Ganz, Andrew M.

**Sent:** Wednesday, July 23, 2008 2:41 PM

**To:** Lee, Kenneth

**Subject:** RE: Who has...

I'm offering him 10 years. Mid-term on Count 1 or 2, plus 2 of his three 11370.2's. Mike Mullins wrote a note in the file that he is to get no less than 10 years. He also was sentenced to 9 yrs. for his last 11351.5, so he would be getting about the same this time as he did last, with that additional prior in play (that's my sales pitch at least).

Andrew Ganz
Solano County District Attorney
321 Tuolumne Street
Vallejo, CA 94590
707-553-5321

**From:** Lee, Kenneth
**Sent:** Wednesday, July 23, 2008 2:37 PM
**To:** Ganz, Andrew M.
**Subject:** RE: Who has...

Ken

-----Original Message-----
**From:** Ganz, Andrew M.
**Sent:** Wednesday, July 23, 2008 11:17 AM
**To:** Lee, Kenneth; Boskin, Pamela R.
**Subject:** Who has...

...Bobby Stanfield?

Andrew Ganz
Solano County District Attorney
321 Tuolumne Street
Vallejo, CA 94590
707-553-5321

7/23/2008

## Lee, Kenneth

**From:** Ganz, Andrew M.

**Sent:** Wednesday, August 13, 2008 4:13 PM

**To:** Lee, Kenneth

**Subject:** RE: Bobby Stanfield, VCR198800

Okay,

That's fine. Even though it sounds like I might be able to get more out of him, I won't make him accept suspension of max time. I'll offer him probation on the 11351.5 (or Ct. 1 if we clarify that it was transported for sale), with 12 years suspended. I get that as follows:

**Mid-term of (4) + two 11370.2s (6) + two PPTs (2) = Aggregate of 12.**

So I'm striking one 11370.2 and two PPTs. Let me know if you have any questions/comments.

Thanks,

Andrew Ganz
Solano County District Attorney
321 Tuolumne Street
Vallejo, CA 94590
707-553-5321

**From:** Lee, Kenneth
**Sent:** Tuesday, August 12, 2008 9:14 AM
**To:** Ganz, Andrew M.
**Subject:** Bobby Stanfield, VCR198800

Andrew,

Mr. Stanfield has been accepted to Delancey Street, I have the confirmation letter dated August 5, 2008. Your previous offer was 10 years, which was based on notes placed in the file by Mr. Mullins. Would you consider suspending that prison term, even a higher term, and giving Mr. Stanfield an opportunity to enter Delancey Street.

Ken.

EXHIBIT COVER PAGE 

EXHIBT

Court of Appeal, First Appellate District, Division Five - No. A129573

S198597

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

SUPREME COURT
**FILED**

THE PEOPLE, Plaintiff and Respondent,

JAN 1 8 2012

Frederick K. Ohlrich Clerk

v.

Deputy

BOBBY LEE STANFIELD, Defendant and Appellant.

The petition for review is denied without prejudice to any relief to which defendant might be entitled after this court decides *People v. Brown,* S181963, and *People v. Lara,* S192784.

**CANTIL-SAKAUYE**

*Chief Justice*

COPY

Filed 11/09/11

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

#### DIVISION FIVE

Court of Appeal First Appellate District

**FILED**

NOV 0 9 2011

Diana Herbert, Clerk

by _____ Deputy Clerk

THE PEOPLE,

    Plaintiff and Respondent,

        v.

BOBBY LEE STANFIELD,

    Defendant and Appellant.

A129573

(Solano County
Super. Ct. No. VCR198800)

Bobby Lee Stanfield (appellant) appeals the revocation of his probation and imposition of a state prison sentence, contending that he is entitled to additional presentence conduct credits and that the court abused its discretion in revoking his probation and imposing the 12-year sentence. The People argue the trial court awarded appellant excessive presentence credits and ask us to correct that error. We conclude appellant is entitled to two additional days of presentence conduct credit and otherwise affirm.

## BACKGROUND

On July 11, 2008, appellant attempted to sell cocaine to an undercover police officer. On July 15, a complaint was filed in Solano County Superior Court alleging transportation of cocaine base for sale (Health & Saf. Code, § 11352, subd. (a)) (count 1) and possession of cocaine base for sale (Health & Saf. Code, § 11351.5) (count 2). As to both counts, the complaint alleged appellant had three prior convictions within the

1


EXHIBIT A

under this section, a term of six days will be deemed to have been served for every four days spent in actual custody." (Stats.1982, ch. 1234, § 7, p. 4554.)

Effective January 25, 2010, however, amended section 4019 provided for accelerated credits that accrue at twice the previous rate. (Amended § 4019, subd. (f) ["if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody"].) Defendants who are required to register as sex offenders, defendants committed for a serious felony, and defendants who have a prior conviction for a serious or violent felony are specifically denied eligibility for the accelerated credits. (Amended § 4019, subds. (b)(2) & (c)(2).)

C.   _The Trial Court's Award of Actual Custody Credits_

Appellant argues that in calculating his actual custody credits (§ 2900.5), the trial court incorrectly failed to count the day he was initially arrested, July 11, 2008, entitling him to one additional day of presentence credit. Because appellant is entitled to actual custody credit for partial days spent in jail (_Bravo, supra,_ 219 Cal.App.3d at p. 735), we count both appellant's arrest date, July 11, 2008, and the date he was transferred to the program, September 10, 2008, as days in jail, giving him a total of 196 days in jail, one more than the trial court calculated.

The People do not dispute that the court failed to count July 11, 2008, as an actual day in custody, but note that September 10, 2008, the date appellant was transferred from county jail to the program, was counted twice. The People are correct; the two errors offset each other, and the _total_ of 737 days of actual presentence custody credits awarded by the trial court is correct.

The People argue the period between June 24, 2010 (when the court sentenced appellant to a 12-year prison term), and July 22, 2010 (when the court calculated appellant's presentence credits), should not be credited under section 2900.5 as _presentence_ credits, because on June 24, "the court remanded appellant to state prison until his next court appearance, on July 22, 2010, for 'credit calculation' by the probation department." We disagree.

5

Thus, the prosecution is not required to plead and prove the existence of a prior serious felony conviction as a prerequisite to barring application of the accelerated credit provision of amended section 4019, subdivisions (b)(2) and (c)(2). Appellant's prior serious felony conviction rendered him ineligible to earn custody credits at an enhanced rate under amended section 4019,[9] and we reject his assertion that he is also entitled to 196 days of custody credit.

However, because we concluded in part I.C. that appellant is entitled to 196 days of credit for presentence time spent in jail, he is entitled to 98 days of presentence conduct credit, instead of the 96 days awarded by the court.

II.    *Revocation of Probation*

Appellant contends that the trial court abused its discretion by refusing to reinstate probation and imposing the 12-year suspended prison sentence because the sentence is disproportionate to his underlying offense and because sending nonviolent drug offenders to prison is contrary to the public interest.

In recommending revocation of probation and reinstatement of appellant's prison sentence the probation report stated: "It is of concern [appellant] is continuing to be dishonest, to both probation and to program staff at [the program]. [Appellant] knowingly broke a program rule, by having money in his possession and could not come up with a valid excuse as to why he needed more money than allowed. It appears that even after 18-months of residential treatment[, appellant] is still practicing manipulative behavior, as well as not being able to be honest and forthcoming regarding his actions. [Appellant] was given the opportunity to address his substance abuse issues at [the program], yet it appears he has yet to address his behavior related issues regarding honesty. Rather than admit he walked away from the program, he instead chose to place the blame on another resident, as well as insist he was asked to leave. [Appellant] was given the opportunity at probation by the [c]ourt in lieu of a lengthy state prison sentence.

---

9.    Because of our ruling on this issue, we need not resolve the People's contention that amended section 4019 should not be applied retroactively to cover appellant.

## PROOF OF SERVICE

I, Alison Roades-Brown, declare as follows:

I am a citizen of the United States, over 18 years of age,
and not a party to the within case. My business address is
870 Market Street, Suite 1128, San Francisco, California 94102-2906.

On December 9, 2011, I served a true copy of the attached:
## PETITION FOR REVIEW

on each of the following persons, by placing same in envelopes
addressed, respectively, as follows:

Edmund G. Brown, Jr.
Attorney General of the State of California
455 Golden Gate Avenue
San Francisco, CA 94102-7004

Appeals Clerk
Solano County Superior Court
600 Union Avenue
Fairfield, CA 94533
[for delivery to the Honorable Allan P. Carter of the
Superior Court]

Solano County Public Defender
355 Tuolomne Street, Suite 200
Vallejo, CA 94590

Solano County District Attorney
675 Texas Street
Fairfield, CA 94533

First District Appellate Project
730 Harrison Street, Suite 201
San Francisco, CA 94107

i

# PROOF OF SERVICE

### Declaration Of Service By Mail

I, _BOBBY STANFIELD_ declare that I am over the age of eighteen (18) and that I am a party to this action. On _APRIL 30_ , 2013, I deposited a copy of the following document (s):

_HABEAS CORPUS_

In a sealed envelope with postage prepaid into the United States mail outlet via authorized Tallahatchie County Correctional Institution 415 U.S. Highway 49 North, Tutwiler, Mississippi 38963, and addressed as follows:

_UNITED STATES DISTRICT COURT_
_EASTERN DISTRICT SACRAMENTO OFFICE_
_501 I' STREET SUITE - 4-200_
_SACRAMENTO, CA. 95814_

I declare under penalty of perjury pursuant to 28 U.S.C.A. § 1746 and State laws, that the foregoing is true and correct and that this declaration was executed at Tallahatchie County Correctional Facility, 415 U.S. Highway 49 North, Tutwiler, MS 38963.

DATED: _APRIL 30_ , 2013

Signature: _B. _____