UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY STANFIELD,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FIGUEROA,<br><br>　　　　Respondent. | No.  2:13-cv-0863 MCE DAD P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 30, 2013, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner has filed an opposition to the motion.  Respondent has not filed a reply.

**BACKGROUND**

On August 14, 2008, petitioner pleaded no contest to possession for sale of cocaine and admitted two prior felony convictions and two prior prison terms in the Solano County Superior Court.  Thereafter, on August 29, 2008, petitioner was sentenced to twelve years in state prison with execution of that sentence suspended, and he was placed on three years formal probation conditioned on his successful completion of the Delancey Street Foundation residential treatment
/////

program. Petitioner did not appeal the judgment of conviction. (Resp't's Mot. to Dismiss, Ex. A.)

On March 26, 2010, petitioner admitted to violating probation after he failed to complete the Delancey Street Foundation program. On June 24, 2010, the Solano County Superior Court revoked petitioner's probation and imposed his twelve-year suspended prison sentence. On July 22, 2010, that court awarded petitioner 833 days of presentence time credit. (Resp't's Mot. to Dismiss, Ex. A.)

On August 11, 2010, petitioner appealed from his judgment of conviction. On November 9, 2011, the California Court of Appeal for the First Appellate District remanded the matter to the Solano County Superior Court and directed that court to award petitioner two additional days of presentence time credit and affirmed petitioner's judgment of conviction in all other respects. On December 12, 2011, petitioner filed a petition for review in the California Supreme Court. On January 18, 2012, the California Supreme Court denied review. (Resp't's Mot. to Dismiss, Exs. A & B.)

On March 12, 2012, petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court. On May 2, 2012, that court denied the petition as untimely. On August 14, 2012, petitioner filed a second petition for writ of habeas corpus in the Solano County Superior Court. On October 4, 2012, the court denied that second petition as untimely and repetitious, and because petitioner had failed to present all of his claims in his earlier filed habeas petition. On October 30, 2012, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the First Appellate District. On November 8, 2012, the state appellate court denied that petition. Finally, on November 26, 2012, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. On January 30, 2013, that court summarily denied the petition. (Resp't's Mot. to Dismiss, Exs. C-F.)

Under the mailbox rule,[1] on April 23, 2013, petitioner filed his federal petition for writ of habeas corpus in this court. In Claims A-D of the federal petition, petitioner challenges the

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988).

validity of his no contest plea, the sufficiency of evidence the prosecution relied on in connection with his plea bargain, and complains of misconduct by both the prosecution and his public defender in connection with his no contest plea proceedings.  In Claim E of the petition, petitioner challenges his trial counsel's failure to turn over his case file to his appellate counsel after his probation was revoked.  (Pet. Attachs. & Exs.)

**ANALYSIS**

Respondent has moved to dismiss the pending petition as untimely.  For the reasons discussed herein, the court finds that petitioner's Claims A-D challenging his no contest plea are untimely and should be dismissed.  The court further finds that petitioner's Claim E, challenging his trial counsel's alleged failure to turn over his case file after petitioner's probation was revoked, fails to state a cognizable claim for federal habeas relief and, therefore, even assuming arguendo that this claim was timely filed, it should be dismissed as well.

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

> pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A) to Petitioner's Claims A-D

As noted above, on August 14, 2008, petitioner pleaded no contest to possession for sale of cocaine and admitted two prior felony convictions and two prior prison terms in the Solano County Superior Court. On August 29, 2008, that court sentenced petitioner to twelve years in state prison, suspended execution of that sentence, and granted him three years formal probation. Petitioner did not appeal the judgment of conviction. (Resp't's Mot. to Dismiss, Ex. A.)

For purposes of federal habeas review of petitioner's Claims A-D, challenging the entry of his no contest plea, petitioner's judgment of conviction became final on October 28, 2008, sixty days after the Solano County Superior Court sentenced him, and the AEDPA statute of limitations began running the following day on October 29, 2008, until it expired one year later on October 28, 2009. See Cal Rules of Court, Rule 8.308; Lewis v. Mitchell, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001) ("The petitioner did not appeal her conviction to the California Court of Appeal, and the conviction became final 60 days after petitioner was sentenced . . . .")

Contrary to petitioner's argument here, "[t]he fact that the trial court suspended the execution of petitioner's sentence has no bearing on the finality of his conviction." Starr v. California, No. 2:12-cv-00457 KJN P, 2012 WL 5199156 at *2 n.1 (E.D. Cal. Oct. 19, 2012) ("In California, an order of probation is a final judgment for purposes of filing an appeal."). See also Jansen v. Gower, No. C 12-4695 SI (pr), 2013 WL 2924630 at *2-*3 (N.D. Cal. June 13, 2013) (AEDPA statute of limitations began immediately after the superior court imposed sentence even while suspending that sentence because there was an appealable judgment); Brand v. Beard, No. CV 12-09178 VBK, 2013 WL 2372241 *1 & *3 (C.D. Cal. May 30, 2013) (petitioner's conviction became "final" sixty days after the superior court sentenced petitioner, suspended the sentence, and placed petitioner on probation) (citing Cal. Penal Code § 1237(a) ("a sentence" and

"an order granting probation" constitute a "final judgment" for purposes of a defendant's right to appeal"); <u>Udom v. Warden, San Diego Correction Facility</u>, No. CV 11-06755 RGK (MLG), 2011 WL 6426637 at *2 (C.D. Cal. Nov. 22, 2011) ("Though Petitioner's probation was revoked on October 8, 2009 and Petitioner pleaded guilty to violation of probation on November 9, 2009, these events did not alter the time period during which Petitioner could permissibly bring an appeal challenging the underlying conviction for attempted robbery."). In this case, petitioner did not file his federal habeas petition until April 23, 2013, almost three and half years after the statute of limitations for doing so had expired. Therefore, his Claims A-D are untimely, unless he is entitled to tolling of the applicable statute of limitations.

III.  Application of § 2244(d)(2) to Petitioner's Claims A-D

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). In this case, petitioner is not entitled to statutory tolling because he did not file his first state post-conviction challenge until several years after the one-year statute of limitations had expired. See <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Accordingly, for the reasons discussed above, petitioner's Claims A-D are time-barred and should be dismissed.[2]

IV.  Petitioner's Claim E

Turning to petitioner's remaining Claim E, therein petitioner complains of his trial counsel's conduct after petitioner's probation was revoked and appears to be asserting a claim that as a result he received ineffective assistance of counsel ("IAC"). (Pet. Attach. at 8) As an initial matter, petitioner's challenge to his counsel's conduct after his probation was revoked would seemingly be subject to a later start date of the statute of limitations. However, even if the court assumes for the sake of argument that petitioner timely filed he federal habeas petition as to

---

[2] Petitioner has not argued for equitable tolling of the AEDPA statute of limitations with respect to these claims.

1  Claim E set forth therein, the court finds that Claim E fails to state a cognizable claim for federal
2  habeas relief and therefore should be dismissed in any event.  See Hendricks v. Vasquez, 908
3  F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where allegations of a petition
4  are vague or conclusory); see generally Rules 2 & 4, Federal Rules Governing Section 2254
5  Cases.

6        Specifically, in his pending application for federal habeas relief, petitioner explains that
7  his appellate counsel sent him his case file after the California Supreme Court denied his petition
8  for review on January 18, 2012.  (Pet. Attach. at 8)  Petitioner noticed at that time that certain
9  pages were missing from the file, so he wrote to the Solano County Public Defender's Office and
10 asked for the missing documents.  (Id.)  After several attempts, the public defender's office sent
11 him the missing documents, and petitioner forwarded them to his appellate counsel.  (Id.)
12 Petitioner has attached to his federal habeas petition a declaration from his appellate attorney
13 stating that, to the best of his recollection, the arrest report, a laboratory report and a few other
14 correspondence documents relating to petitioner's case were not part of the appellate record.
15 (Pet. Ex. A.)  According to petitioner, these documents could have provided a turning point in his
16 case.  (Pet. Attach. at 8)

17       Insofar as petitioner is asserting an IAC claim, petitioner challenges an act or omission
18 that took place after his probation was revoked, and therefore, he cannot show that with respect to
19 that revocation "there is a reasonable probability that, but for counsel's unprofessional errors, the
20 result of the proceeding would have been different."  See Strickland v. Washington, 466 U.S. 668,
21 694 (1984).  Moreover, "the United States Supreme Court has never held that a defense counsel's
22 failure to turn over his case file immediately after being relieved is, in itself, a violation of federal
23 law."  Gonzalez v. Harrington, No. CV 08-7073 GW (SS), 2011 WL 7429400 at *30 (C.D. Cal.
24 June 6, 2011).  Finally, petitioner has not indicated in his petition or in his opposition to
25 respondent's motion to dismiss how his trial counsel's purported failure to forward his complete
26 file to his appellate counsel harmed his direct appeal.  In particular, "[p]etitioner is unable to
27 demonstrate that trial counsel's purported failure to turn over files harmed [his] direct appeal
28 /////

because he has not identified a meritorious claim which his appellate counsel failed to present to the state courts." Id.

Accordingly, for the reasons discussed above, petitioner's Claim E fails to state a cognizable claim for relief and should also be dismissed.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. No. 14) be granted and Petitioner's Claims A-D be dismissed as time-barred;

2. Petitioner's Claim E be dismissed for failure to state a cognizable claim; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: April 3, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
stan0863.157